STEPHANIE I. SPRECHER
Acting United States Attorney
JASMINE M. PETERS (WY Bar # 7-5714)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003-0668
(307) 772-2984
jasmine.peters@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 25-CV-113-KHR |
| DUSTIE R. METCALF and DAVID L. SAUNDERS, | |
| Defendants. | |

## COMPLAINT TO VOID FRAUDULENT TRANSFERS

The United States of America, by and through the Acting United States Attorney for the District of Wyoming and Assistant United States Attorney Jasmine M. Peters, brings this *Complaint to Void Fraudulent Transfers* against Defendants Dustie R. Metcalf and David L. Saunders.

### JURISDICTION AND VENUE

1. This action is filed under the Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. § 3001 *et seq*. The FDCPA provides that a transfer may be voided to the extent necessary to satisfy a debt to the United States and provides a remedy against property of the transferee. *See* 28 U.S.C. §§ 3301–3308.

2. The Mandatory Victims Restitution Act (MVRA) authorizes the United States to use the FDCPA to enforce restitution orders. *See* 18 U.S.C. § 3664(m)(1)(A)(i)–(ii). The United States is authorized under 18 U.S.C. § 3613(a) to collect criminal fines and restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "The federal law that provides the practices and procedures for the enforcement of a civil judgment is the FDCPA." *United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002) (citing 28 U.S.C. §§ 3001–3308 (1994)).

3. Jurisdiction is vested in the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1345, 28 U.S.C. §§ 3301–3308, and 18 U.S.C. § 3664(m)(1)(A)(ii).

4. The United States District Court for the District of Wyoming is the proper venue because Defendant Dustie R. Metcalf is a resident of Wyoming and the actions giving rise to this complaint occurred in Wyoming. 28 U.S.C. § 1391(b)(1)–(2). In addition, venue is proper under the FDCPA because the Criminal Judgment was issued from this Court. *See* 28 U.S.C. § 3004(b)(1).

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant Metcalf is an individual who has engaged in fraudulent transfers with Defendant David L. Saunders to render Defendant Saunders insolvent. *See id.* § 3304. Defendant Metcalf is a resident of Wyoming and resides at 315 Gannett Drive, Rock Springs, Wyoming 82901-3311.

7. Defendant Saunders is indebted to the United States pursuant to a Criminal Judgment entered against him in Docket No. 2:10-cr-00113. Upon information and belief, Defendant Saunders is a resident of New Mexico and resides at 3801 North Sandoval Lane, New Mexico 88220, with a mailing address of 900 Standpipe Road, Carlsbad, New Mexico, 88220-2547.

## GENERAL ALLEGATIONS

8. On August 31, 2010, the Court in Docket No. 2:10-cr-00113 found Defendant Saunders guilty of making a false statement on a bank loan application and aiding and abetting, in violation of 18 U.S.C. §§ 1014 and 2. *See* Ex. 1 (Criminal Judgment); (Docket No. 2:10-cr-00113, Doc. 18).

9. Defendant Saunders was ordered to pay non-federal restitution in the amount of $185,992.40 and a special assessment of $100. *See* Ex. 1 at 5; (Docket No. 2:10-cr-00113, Doc. 18 at 5).

10. Defendant Saunders's restitution was ordered to be due in full immediately and paid joint and several with his co-defendant and brother, Kenneth Saunders. *See* Ex. 1 at 6–7; (Docket No. 2:10-cr-00113, Doc. 18 at 6–7).

11. Upon sentencing, a restitution lien was created that encumbered all of Defendant Saunders's property and interests in property pursuant to 18 U.S.C. § 3613(c). *See* Ex. 2 (Notice of Lien).

12. As of May 7, 2025, Defendant Saunders owes $36,837.89 in restitution.

13. Defendant Saunders's co-defendant and brother, Kenneth Saunders, has paid the majority of the restitution owed on the Criminal Judgment.

14. Defendant Saunders has actively avoided paying his restitution, has frustrated the efforts of the United States to collect against him directly or through wage garnishments, filed a meritless bankruptcy action, and has transferred his assets to Defendant Metcalf to avoid payment.

15. The transfers between Defendant Saunders and Defendant Metcalf are fraudulent and in violation of 28 U.S.C. § 3304(a)–(b)(1).

16. Under the FDCPA, the United States is authorized to enforce against the outstanding restitution, including through the use of interrogatories, requests for production, garnishments, subpoenas, and depositions. *See* 28 U.S.C. § 3001 *et seq.*

17. The United States has investigated Defendant Saunders to recover the outstanding restitution owed pursuant to the FDCPA.

18. The United States deposed Defendant Metcalf by oral examination on September 17, 2024.

19. The United States deposed Defendant Saunders by oral examination on December 5, 2024.

20. Defendant Metcalf and Defendant Saunders are not married but have maintained a relationship as companions since 2005.

21. Defendant Saunders has resided with Defendant Metcalf in Rock Springs, Wyoming in 2005, 2020, 2022, and 2023.

22. Defendant Saunders continues to visit Defendant Metcalf in Rock Springs, Wyoming.

23. Defendant Metcalf and Defendant Saunders have three biological children together. Two of the children were born in 2006 and one child was born in 2010.

24. There is no court ordered child support obligation for the biological children of Defendant Metcalf and Defendant Saunders.

25. Defendant Saunders and Defendant Metcalf have worked together to fraudulently conceal, dissipate, and dispose of Defendant Saunders's assets to avoid Defendant Saunders's financial obligations under the Criminal Judgment.

26. On or before August 31, 2010, Defendant Saunders began transferring his assets to Defendant Metcalf, including approximately $3,000 a week under the guise of "child support."

27. Defendant Saunders works as pipeline inspector.

28. Since 2017, Defendant Metcalf has worked as a Registered Nurse.

29. Since Defendant Saunders was sentenced in 2010, Defendant Saunders has

continuously transferred money to Defendant Metcalf, including but not limited to the following methods: (1) RSNB Bank account ending in 7497; (2) Trona Valley Federal Credit Union account ending in 1598; (3) Cash Apps; and (4) cash.

30. Defendant Saunders has transferred funds ranging from $5,000 to $75,000 to Defendant Metcalf on numerous, frequent occasions since at least 2019.

31. Since Defendant Saunders was sentenced in 2010, Defendant Saunders has provided funds to Defendant Metcalf to purchase personal property, including but not limited to the following: (1) 1994 Ford; (2) 2007 Ford; (3) 2002 Nissan; (4) 2012 Jeep; (5) 2014 Expedition; (6) 2019 Lincoln; and (7) Two Fifth Wheels.

32. Defendant Saunders continues to transfer his income to Defendant Metcalf to avoid collection efforts.

33. Defendant Saunders transfers his assets to Defendant Metcalf to render himself insolvent.

34. After Defendant Saunders transfers money to Defendant Metcalf, Defendant Metcalf transfers money back to Defendant Saunders for his living expenses when needed.

35. Defendant Metcalf frequently withdraws money from her accounts to have cash, rendering the funds no longer traceable.

36. Defendant Saunders does not maintain any property in his name to avoid collection.

37. All property used by Defendant Saunders is titled to Defendant Metcalf.

38. Defendant Saunders could have paid the restitution owed but for transferring his assets, including his wages, to Defendant Metcalf.

39. The United States has made demands upon Defendant Saunders and Defendant Metcalf for payment. Defendants have failed to pay the outstanding restitution.

40. The transfers described above were, and continue to be, fraudulent as to the United States in that the transfers were made with the actual intent to hinder, delay, or defraud a creditor, the United States for restitution, or was made without receiving a reasonably equivalent value in exchange for the transfers and as a result of the transfers Defendant Saunders became insolvent, in violation of 28 U.S.C. § 3304(a)–(b).

**CAUSE OF ACTION: FRAUDULENT TRANSFERS, 28 U.S.C. § 3304(a)–(b)**

41. The United States incorporates paragraphs 1 through 40 as if fully stated herein.

42. The transfers of property, as described in paragraphs 29 through 40, impair the rights of the United States in its duty to collect the restitution on behalf of the victims of the Criminal Judgment. *See* 28 U.S.C. § 3304.

43. At the time of the transfers of property, as described in paragraphs 29 through 40, the debt was in existence by virtue of the Criminal Judgment.

44. There was no apparent consideration in exchange for the transfers.

45. Defendant Saunders did not receive reasonably equivalent value for the transfers. *See id.* § 3304(a)(1)–(b)(1)(B).

46. The transfers of property, as described in paragraphs 29 through 40, were made with the actual intent to hinder, delay, or defraud Defendant Saunders's creditors. *See id.* § 3304(b)(1)(A).

47. Defendant Metcalf was aware Defendant Saunders was convicted, sentenced, and subject to pay a substantial restitution obligation under the Criminal Judgment.

48. After the transfers, Defendant Saunders rendered himself insolvent to pay his restitution obligations.

**WHEREFORE**, the United States prays for the following relief:

1. The transfers of property, described in paragraphs 29 through 40, be adjudged fraudulent and void to the extent necessary to satisfy the United States' Criminal Judgment in *United States v. David L. Saunders*, Docket No. 2:10-cr-00113, pursuant to 28 U.S.C. § 3306(a);

2. The United States receive a money judgment against Defendant Metcalf for the amount outstanding on Defendant Saunders's restitution obligation, pursuant to 28 U.S.C. § 3306(a);

3. The property belonging to Defendant Metcalf be attached, seized, sold, or garnished, with the proceeds to be paid to the United States sufficient to fully satisfy Defendant Saunders's outstanding restitution, pursuant to 28 U.S.C. § 3306(a);

4. The Court order post-judgment interest;

5. The Court order costs to be paid by Defendant Metcalf; and

6. For all other relief this Court deems just and appropriate.

Dated May 7, 2025.

          STEPHANIE I. SPRECHER
          Acting United States Attorney

          */s/ Jasmine M. Peters*
          JASMINE M. PETERS
          Assistant United States Attorney